UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 21- 01025 |
| ) | |
| DEFENDANT NO. 1: $20,000.00 IN ) | |
| UNITED STATES CURRENCY, More ) | |
| or less; ) | |
| ) | |
| DEFENDANT NO. 2: $10,000.00 IN ) | |
| UNITED STATES CURRENCY, More ) | |
| or less, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## COMPLAINT FOR FORFEITURE IN REM

Plaintiff, United States of America, by and through its attorneys, Stephen R. McAllister, United States Attorney for the District of Kansas, and Colin Wood, Special Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1. This is an action to forfeit and condemn to the use and benefit of the United States of America the following property: a total of $30,000.00 in U.S. Currency, more or less (hereinafter "defendant property"), for violations of 21 U.S.C. § 841.

## THE DEFENDANT IN REM

2. The defendant property consists of: $20,000.00 and $10,000.00 in United States currency, more or less, that was seized by the Kansas Highway Patrol on or about August 28, 2019 during a traffic investigation of a 1994 Chevrolet Pickup driven by Adan Ponce-Galdeano and owned by Lucia Cenaida Galdeano-Oaxaca on U.S. 54 near milepost 106 in Kiowa County, in the District of Kansas. The currency is currently in the custody of the United States Marshal Service.

## JURISDICTION AND VENUE

3. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355.

4. This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. 1355(b). Upon filing this complaint, the plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district and/or pursuant to 28 U.S.C. § 1395, because the defendant property is located in this district.

## BASIS FOR FORFEITURE

6. The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes 1) money, negotiable instruments, securities and other things of value furnished or intended to be furnished in exchange for a controlled substance in violation of the

Controlled Substances Act; and/or 2) proceeds traceable to such an exchange; and/or 3) money, negotiable instruments, and securities used or intended to be used to facilitate a violation of the Controlled Substances Act.

7. Supplemental Rule G(2)(f) requires this complaint to state *sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial*. Such facts and circumstances supporting the seizure and forfeiture of the defendant property are contained in Exhibit A which is attached hereto and incorporated by reference.

## CLAIM FOR RELIEF

WHEREFORE, the plaintiff requests that the Court issue a warrant for the arrest of the defendant property; that notice of this action be given to all persons who reasonably appear to be potential claimants of interests in the properties; that the defendant property be forfeited and condemned to the United States of America; that the plaintiff be awarded its costs and disbursements in this action; and for such other and further relief as this Court deems proper and just.

The United States hereby requests that trial of the above entitled matter be held in the City of Wichita, Kansas.

Respectfully submitted,

STEPHEN R. MCALLISTER
United States Attorney

_[signature]_

COLIN D. WOOD, #19800
Special Assistant United States Attorney
1200 Epic Center, 301 N. Main
Wichita, Kansas 67202
(316) 269-6481
Fax (316)269-6484

## DECLARATION

I, Christopher Atkins, Special Agent with the Drug Enforcement Administration in the District of Kansas.

I have read the contents of the foregoing Complaint for Forfeiture, and the exhibit thereto, and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this _21_ day of _January_, 2021.

_____
Christopher Atkins, Special Agent
DEA

5

## AFFIDAVIT

I, Christopher Atkins, being first duly sworn, depose and state:

1. Your Affiant has been employed as a Drug Enforcement Administration (DEA) Special Agent (SA) since August 2016. My duties include investigation of violations of the Controlled Substance Act, Title 21 of the United States Code and the forfeitures thereto.

2. The information contained in this affidavit is known to your Affiant through personal direct knowledge, and /or through a review of official reports prepared by other law enforcement personnel. This affidavit is submitted in support of a forfeiture proceeding.

3. On August 28, 2019, Kansas Highway Patrol (KHP) Trooper R.M. Wolting stopped for a traffic violation a 1994 Chevrolet Pickup on U.S. 54 near mile marker 106 in Kiowa County, Kansas, in the District of Kansas. The vehicle was owned by the passenger in the vehicle, Lucia Cenaida Galdeano-Oaxaca. The driver was Adan Ponce-Galdeano who told Trooper Wolting that they were headed to Mexico from Kansas City after visiting cousins for a couple of days.

4. During the event, Ponce-Galdeano consented to a search of the vehicle. Troopers found hidden in the post-manufacture altered floor of the truck bed $20,000.00 in vacuum-sealed U.S. currency, and $10,000.00 in U.S. currency in the purse of Galdeano-Oaxaca.

5. When asked about the currency, Ponce-Galdeano said that Galdeano-Oaxaca had asked him to go with her to Kansas City to pick up money and that she did not want to go alone. Once at Kansas City, they left the Chevrolet pickup in a business parking and were taken to a hotel by two unknown persons. The next day they were taken back to the truck and left for Mexico.

6. When asked about the currency, Galdeano-Oaxaca said that she was hired by a person to transport some money to Mexico, was given other money to buy the 1994 Chevrolet pickup, left the pickup with others overnight while in Kansas City, and when stopped by the Trooper was enroute to Mexico. Of the currency in her purse, she was to keep $2,000.00 and upon returning from the trip was to give remaining $8,000.00 to her employer.

7. In my training and experience, the currency in the hidden compartment was wrapped and hidden in a fashion similar to other illegal drug proceeds.

8. Based on the information set out above, Affiant has probable cause to believe that the seized $20,000.00 and $10,000.00 constitutes money or other things of value furnished or intended to be furnished in exchange for a controlled substance, or proceeds traceable to such an exchange, or was used or intended to be used to facilitate one or more violations of Title 21, U.S.C. § 841 et.seq.

Accordingly, the property is subject to forfeiture pursuant to Title 21, U.S.C. §§ 853 and 881.

Christopher Atkins, Special Agent
DEA

Sworn to and subscribed before me this 21st day of January, 2021.

Notary Public

My Commission Expires: 02-08-22

NOTARY PUBLIC - State of Kansas
DYLAN YINGER
My Appt. Exp. 2-8-22